United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Curbelo, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-25308-Civ-Scola |
| | ) |
| Southwest Florida Enterprises, Inc., Defendant. | ) |

### **Order**

  This matter is before the Court on the Defendant's motion for sanctions. (ECF No. 9.) The Plaintiff responded to the motion for sanctions (ECF No. 10), to which the Defendant replied. (ECF No. 11.) The Court ordered the Plaintiff to show cause why sanctions should not be entered (ECF No. 12), to which the Plaintiff responded. (ECF No. 16.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for sanctions (**ECF No. 9**).

  The "court is not permitted to use its inherent authority to sanction a lawyer for conduct that occurs during an arbitration." *Fowler v. Ritz-Carlton Hotel Co.*, No. 3:10-CV-884-J-34JRK, 2015 WL 1001205, at *8 (M.D. Fla. Mar. 6, 2015) (citing *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010)). This is because "arbitration is not an annex to litigation, but an *alternative* method for dispute resolution." *Positive Software*, 619 F.3d at 461 (emphasis in original). Therefore, the Court may not enter any sanctions against the Plaintiff's counsel for actions in the underlying arbitration.

  To the extent the Defendant's motion for sanctions deals with any conduct of the Plaintiff's counsel in response to this Court's order staying the case and compelling arbitration (ECF No. 7) outside of the arbitration proceeding but in response to that order, the Court also declines to grant the motion for sanctions. The Court has reviewed the Plaintiff's response to the order to show cause and its attendant exhibits. (ECF No. 16). First, the Court does not identify any conduct at issue that occurred outside of the underlying arbitration proceedings. (*Id.* Exs. A-N; Mot. for Sanctions Exs. 1-5.) Second, even if any of the conduct addressed fell outside of the arbitration proceedings, the Court observes no conduct that would support a finding of <u>subjective</u> bad faith on the part of the Plaintiff's counsel. *Hernandez v. Acosta Tractors, Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018) ("[I]n order for a court to impose a sanction pursuant to its inherent authority, it must make a finding that the sanctioned party acted with <u>subjective</u> bad faith.") (emphasis added).

Therefore, the Court **denies** the Defendant's motion for sanctions. (**ECF No. 9**.) The hearing set before this Court in the United States Courthouse located at the Wilkie D. Ferguson, Jr., U.S. Courthouse, 400 North Miami Avenue, Miami, Florida, 33128, Courtroom 12-3, on October 31, 2022, at 11:00 A.M., is **canceled**. The court will separately enter judgment in favor of the Defendant and against the Plaintiff pursuant to the Court's order confirming at the arbitration award (ECF No. 12), as required by Federal Rule of Civil Procedure 58.

**Done and ordered** in Miami, Florida, on October 27, 2022.

_____
Robert N. Scola, Jr.
United States District Judge